FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-10,<br><br>          Plaintiff,<br><br>   v.<br><br>SUSAN M. TOMBARELLI, et. al.,<br><br>          Defendants. | No.   2:22-cv-00140-SMJ<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court is Plaintiff Bank of New York Mellon's Motion for Remand, ECF No. 2. Plaintiff lodges several arguments as to why this matter should be remanded to state court. Having reviewed the record and pleadings in this matter, this Court is fully informed. Because the Court finds that Defendant untimely removed this case, the Court grants the motion without reaching Plaintiff's other arguments.

ORDER GRANTING MOTION FOR REMAND – 1

## BACKGROUND

In February of 2016, Plaintiff the Bank of New York Mellon filed a complaint in Washington state court against Defendant Tombarelli for declaratory relief and judicial foreclosure of a property located in Liberty Lake, Washington. *See* ECF No. 6 at 4. On February 7, 2016, a process server in the state of Washington served the summons and complaint at Defendant's residence. ECF No. 6 at 2. Then, on June 10, 2022, Defendant removed the case to the United States District Court for the Eastern District of Washington. ECF No 1. Plaintiff immediately moved the remand this matter, arguing, among other things, that removal was untimely. ECF No. 2 at 1. Defendant, who is proceeding pro se, opposes the motion.[1] ECF No. 7.

## DISCUSSION

**A.    Defendant untimely removed this matter to Federal Court**

A defendant may remove an action from state court to federal court where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed withing 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The time for removal under 28

---

[1] In her response to Plaintiff's motion, Defendant asks the Court to take judicial notice of several cases that generally direct courts to liberally construe pleadings submitted by persons proceeding *pro se*, such as Defendant. Even liberally construing Defendant's pleadings, the Court finds that removal is untimely.

ORDER GRANTING MOTION FOR REMAND – 2

U.S.C. § 1446 "is imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975); *see also O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988) ("[S]ection 1441 is strictly construed against removal."). The period for removal begins to run "after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1) (emphasis added). It matters not whether service was proper under the language of the statute. *See Pic-Mount Corp. v. Stoffel Seals Corp.*, 708 F.3d Supp. 1113, 1118 (D. Nev. 1989) ("receipt of an initial pleading begins the thirty-day removal period, irrespective of the technicalities of state service of process laws").

      Here, removal was plainly untimely. Defendant was served with the summons and complaint on February 7, 2016, commencing the thirty-day removal period. Thus, Defendant had until March 7, 2016 to timely remove this matter. Defendant did not file a notice of removal until June of 2022, more than five years after the deadline elapsed. To the extent Defendant asks this Court to excuse the untimely removal under Federal Rule of Civil Procedure 60(b), *see* ECF No. 7 at 6, that request is denied as Defendant has not stated any "exceptional circumstances" that would entitle her to such relief. *Gurrola v. Howard*, 2022 WL 1617991, at *2 (C.D. Cal. May 21, 2022) (declining to excuse untimely removal where the defendants failed to demonstrate exceptional circumstances justifying relief).

ORDER GRANTING MOTION FOR REMAND – 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Bank of New York Mellon's Motion for Remand, **ECF No. 2**, is **GRANTED**.

2. This action is **REMANDED** to Spokane County Superior Court.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings and other deadlines are **STRICKEN**.

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION FOR REMAND – 4